HERGET, Judge.
From a judgment in favor of the defendant Jessie Carroll and against the plaintiff Earnest Ford, dismissing the Plaintiff’s case at his costs, Plaintiff appealed to this Court.
Plaintiff instituted the action making claim for workmen’s compensation, penalties, attorney’s fee and, in the alternative, a claim in tort when, while in the act of *665 allegedly dismantling a 1953 Ford on the premises of Defendant on October 21, 1959, •a jack which he was using slipped resulting in the injuries alleged upon consisting of “His right elbow was crushed and a previous fracture of that elbow was aggravated; his third or middle finger was crushed .and lacerated; and his fourth or ring finger was so crushed and lacerated that it was necessary to amputate the distal phalanx ■of that finger.” He alleged that the Defendant was operating a junk yard, repair shop and car sales lot at the location where he was injured; that he was employed by Defendant on an irregular basis from June of 1958 to October, 1959 three or four days a month and for a period of three weeks prior to October 21, 1959 he was employed •each week for two or three days.
Defendant denied that he was engaged in the junk yard business or any other business at the time of the accident and further denied that he had employed Plaintiff during the alleged periods.
In his written reasons for judgment dismissing Plaintiff’s suit, the Trial Court concluded that as a fact the Defendant was not engaged in business at the time of the accident; that he had not employed .Earnest Ford; and on the alternative claim •for damages concluded that there was no evidence to substantiate negligence on the part of Defendant making him responsible in tort.
The testimony in the record in support of Plaintiff’s claim is very meager, inconclusive and certainly does not preponderate in favor of Plaintiff. The only evidence that Defendant was in any business on the date of the occurrence of the accident was the testimony offered by Plaintiff that at that time Defendant had on his premises, which was also his home, three used cars. His testimony as to his employment by Defendant to dismantle a part of one of these said cars at the time of his alleged injury is, to say the least, most inconvinc-ing. Plaintiff offered no evidence to show that Defendant had been licensed as a used car dealer or as a junk dealer. His testimony in relation to the wages he was to be paid is most indefinite and uncertain.
Defendant and his wife testified that on the date the alleged accident occurred Defendant was not engaged in any business whatever and it was not until a month thereafter when Defendant obtained a settlement of his claim for injuries sustained by him that he was in possession of funds essential to go into a small business. Defendant explained Plaintiff’s presence on the lot by testifying that Plaintiff had requested the use of one of the secondhand cars he had on his premises and he permitted Plaintiff the use of said vehicle conditioned on his changing a flat tire thereon and that he had loaned him a jack for the purpose of changing said tire, and that he was not present when Plaintiff allegedly sustained the injuries for which this suit was brought. He further denied that he had in any way employed Plaintiff to dismantle or remove from any of the vehicles any of the parts or that he had employed him under any circumstances on the date of the accident.
The burden of proof rests upon plaintiff in compensation cases as well as in other cases to prove by a preponderance of evidence the essential averments of his petition. From our examination of the evidence we are in accord completely with the decision of the Trial Court that Jessie Carroll, defendant herein, was not engaged in business at the time of the accident nor was he the employer of Plaintiff, Earnest Ford. Accordingly, his claim for damages under the Workmen’s Compensation Law is unfounded.
In the alternative, Plaintiff alleges if he is not entitled to*benefits under the compensation law, then he claims that the injuries which he suffered resulted from the Defendant’s negligence in failing to provide a safe place to work; failing to provide safe tools and requiring Plaintiff to perform alone on a job which required an assistant.
*666 Plaintiff’s claim in tort is without merit. The evidence shows that the accident alleged upon occurred as a result of the jack, which Plaintiff himself placed under the car, slipping from its position. Defendant was not present on the premises at the time and there is absolutely no evidence to sustain a -finding that Plaintiff’s injuries resulted from any negligent acts on the part of Defendant.
For the reasons assigned, the judgment of the Trial Court dismissing Plaintiff’s suit at his costs is affirmed.
Affirmed.